FILED

AUG 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN P. SLAUGHTER,<br><br>        Plaintiff,<br><br>v.<br><br>J. DEANZO, et. al.,<br><br>        Defendants. | No. C 14-02518 BLF (PR)<br><br>**AMENDED ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner at Salinas Valley State Prison ("SVSP"), filed the instant civil rights action in *pro se* pursuant to 42 U.S.C. § 1983, challenging conditions of confinement. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

1  claim upon which relief may be granted or seek monetary relief from a defendant who is

2  immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be

3  liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

4  1988).

5    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6  elements: (1) that a right secured by the Constitution or laws of the United States was

7  violated, and (2) that the alleged violation was committed by a person acting under the

8  color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

9  **B. <u>Plaintiff's Claims</u>**

10    Plaintiff claims that on December 7, 2013, Defendants conspired "to entrap and

11  illegally gather evidence" showing that Plaintiff had conspired with one of his visitors to

12  introduce contraband into the institution. (Compl. Attach. at 1.)  Plaintiff claims that

13  Defendants violated his right to due process when they "illegally charged [him] with a

14  felony offense" and then placed him in administrative segregation.  Liberally construed,

15  Plaintiff's claim with respect to the disciplinary action is cognizable as a violation of his

16  right to due process. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  However,

17  conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa*

18  *County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc).  It does not enlarge the nature of the

19  claims asserted by the plaintiff, as there must always be an underlying constitutional

20  violation. *Id.*  Accordingly, Plaintiff's conspiracy claim is DISMISSED for failure to

21  state a claim.

22

23                **CONCLUSION**

24    For the reasons stated above, the Court orders as follows:

25    1.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for

26  Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

27  of the complaint, all attachments thereto, and a copy of this order upon **Defendants J.**

28  **Deanzo (Institution Security Unit), M. Hernandez (Institution Security Unit),**

1  **Sergeant C. Livingston, Correctional Officer I. Saldivar, Correctional Officer E.**

2  **Sanchez, and Correctional Officer R. Alvarado** at Salinas Valley State Prison, (P.O.

3  Box 1020, Soledad, CA 93960-1020). The Clerk shall also mail a copy of this Order to

4  Plaintiff.

5        2.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil

6  Procedure requires them to cooperate in saving unnecessary costs of service of the

7  summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of

8  this action and asked by the Court, on behalf of Plaintiff, to waive service of the

9  summons, fail to do so, they will be required to bear the cost of such service unless good

10 cause shown for their failure to sign and return the waiver form. If service is waived, this

11 action will proceed as if Defendants had been served on the date that the waiver is filed,

12 except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file

13 an answer before **sixty (60) days** from the day on which the request for waiver was sent.

14 (This allows a longer time to respond than would be required if formal service of

15 summons is necessary.) Defendants are asked to read the statement set forth at the foot of

16 the waiver form that more completely describes the duties of the parties with regard to

17 waiver of service of the summons. If service is waived after the date provided in the

18 Notice but before Defendants have been personally served, the Answer shall be due **sixty**

19 **(60) days** from the date on which the request for waiver was sent or **twenty (20) days**

20 from the date the waiver form is filed, whichever is later.

21       3.     No later than **ninety (90) days** from the date of this order, Defendants shall

22 file a motion for summary judgment or other dispositive motion with respect to the claims

23 in the complaint found to be cognizable above.

24       a.     Any motion for summary judgment shall be supported by adequate

25 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

26 Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor

27 qualified immunity found, if material facts are in dispute. If any Defendant is of the

28 opinion that this case cannot be resolved by summary judgment, he shall so inform the

1  Court prior to the date the summary judgment motion is due.

2         **b.**    **In the event Defendants file a motion for summary judgment, the**

3  **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

4  **warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See***

5  ***Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

6      4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

7  and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

8  motion is filed.

9      Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure

10  and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary

11  judgment must come forward with evidence showing triable issues of material fact on

12  every essential element of his claim).  Plaintiff is cautioned that failure to file an

13  opposition to Defendants' motion for summary judgment may be deemed to be a consent

14  by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

15  without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam);

16  *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

17      5.    Defendants *shall* file a reply brief no later than **fourteen (14) days** after

18  Plaintiff's opposition is filed.

19      6.    The motion shall be deemed submitted as of the date the reply brief is due.

20  No hearing will be held on the motion unless the Court so orders at a later date.

21      7.    All communications by the Plaintiff with the Court must be served on

22  Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

23  copy of the document to Defendants or Defendants' counsel.

24      8.    Discovery may be taken in accordance with the Federal Rules of Civil

25  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

26  Local Rule 16-1 is required before the parties may conduct discovery.

27      9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

28  court informed of any change of address and must comply with the court's orders in a

1     timely fashion.  Failure to do so may result in the dismissal of this action for failure to

2     prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3          10.     Extensions of time must be filed no later than the deadline sought to be

4     extended and must be accompanied by a showing of good cause.

5          **IT IS SO ORDERED.**

6

7     DATED: ___August 8, 2014___

                                            BETH LABSON FREEMAN

8                                             United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28